```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION

UNITED STATES OF AMERICA ex rel.)
ADAM GRAY #B-77079,              )
                                 )
                 Petitioner,     )
                                 )
     v.                          )    No.  12 C 1743
                                 )
JOSEPH YURKOVICH, Warden,        )
                                 )
                 Respondent.     )
```

MEMORANDUM OPINION AND ORDER

This Court has been concerned from the outset as to the timeliness of this 28 U.S.C. §2254[1] Petition for Writ of Habeas Corpus ("Petition"), brought on March 9, 2012 on behalf of Adam Gray ("Gray") by the "Exoneration Project" of the University of Chicago Law School, with two lawyers from Jenner & Block teaming up with law students to challenge Gray's 1996 conviction and sentence on charges of aggravated arson and first degree murder (two counts of the latter). Gray, who was 14 at the time of his alleged commission of those offenses, was charged as an adult and was convicted and sentenced to natural life in prison without the possibility of parole.

As troubling as this Court found that scenario, its awareness of the constraints that Congress has imposed on federal habeas review of state convictions (including the limitations bar established by Section 2244(d)(1)) led to its immediate issuance

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

of a March 12 memorandum order that stated in relevant part:

> This Court's threshold review of that filing, as called for by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, unsurprisingly suggests that part or all of the Petition may be barred by limitations under 28 U.S.C. §2244(d)(1)--indeed, was perhaps time-barred even before any tolling kicked in under 28 U.S.C. §2244(d)(2) by reason of Gray's filing of his first state post-conviction petition.

That caveat understandably led to the litigants' ensuing filing of two rounds of submissions on that score.

But before that briefing took place, Gray's counsel had accompanied the filing of the Petition with a motion (Dkt. 4) that sought the issuance of a "stay and abey" order to facilitate their pursuit of a third post-conviction remedy in the state court system. That relief was requested so that all claims sought to be advanced by the Petition could proceed later without being confronted by a failure-to-exhaust defense. This memorandum order now grants that motion, not only to clear away any such procedural underbrush but also because the state court resolution of the post-conviction proceeding may narrow or otherwise impact upon the contentions advanced in the Petition here.

But something more must be added at this point in light of the repeated emphasis by Gray's counsel on a claim that he is actually innocent of the offenses for which he was convicted. In that regard the Response to Petitioner's Second Memorandum in Support of Timeliness of Petition for a Writ of Habeas Corpus

2

(Dkt. 18), filed for respondent Warden Joseph Yurkovich by an Assistant Attorney General, has pointed to two decisions from our Court of Appeals--<u>Escamilla v. Junqwirth</u>, 426 F.3d 868 (7th Cir. 2005) and <u>Araujo v. Chandler</u>, 435 F.3d 678 (7th Cir. 2005)--that negate a claim of actual innocence as a stand-alone predicate for an end run around (or a gateway through) the one-year limitation alternatives established by Section 2244(d)(1). And although Gray's counsel have filed a July 12 reply (Dkt. 30) to that memorandum that discusses various aspects of that Response in substantive terms, it says not a word about the <u>Escamilla</u> and <u>Araujo</u> cases--it is as though the Attorney General's Office had never referred to them.

That is really hard to understand, particularly given the fact that the same Jenner & Block firm that represents Gray here had made--and lost--the same "actual innocence" argument in <u>Araujo</u>. Here is what <u>Araujo</u>, 435 F.3d at 680 said in that respect:

> What he does argue is that he is actually innocent and that therefore the application of the statute of limitations in §2244(d) to bar his petition would result in a fundamental miscarriage of justice. He urges us to determine that a freestanding "actual innocence" exception must be read into the statute. The exception would not require a showing that a petitioner exercised due diligence in discovering his claim. It would be "a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." <u>Herrera v. Collins</u>, 506 U.S. 390, 404, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993).

>Unfortunately for him, the argument comes too late. We have recently decided that "[p]risoners claiming to be innocent, like those contending that other events spoil the conviction, must meet the statutory requirement of timely action." Escamilla v. Jungwirth, 426 F.3d 868 (7th Cir. 2005).

This Court will not now expand on other respects in which the arguments advanced in support of the Petition may suffer from an excess of advocacy, as for example by the ad hominem nature of the attacks on Gray's trial counsel for assertedly having provided constitutionally inadequate representation because he did not possess a crystal ball that anticipated later scientific developments. For the present this Court will also not schedule any evidentiary hearing as to the timeliness or untimeliness of the Petition, nor will it address any related constitutional considerations, preferring instead to await the results of the state court proceedings that have occasioned the current granting of the stay-and-abey motion.

_____
Milton I. Shadur
Senior United States District Judge

Date:  November 15, 2012

4