IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ADAM THOMAS GRAY ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 12-C-1743 |
| v. ) | |
| ) | Honorable Milton I. Shadur |
| KEVWE AKPORE, Warden, ) | |
| ) | |
| Respondent ) | |

## MOTION TO LIFT STAY AND HOLD AN EVIDENTIARY HEARING

PETITIONER ADAM THOMAS GRAY, by his counsel, hereby moves this Court to lift the stay it entered pending the resolution of his post-conviction petition in the Circuit Court of Cook County and order an evidentiary hearing on his habeas corpus petition pursuant to the Supreme Court's recent decision in *McQuiggin v. Perkins*, 133 S.Ct. 1924 (2013). In support of this Motion, Petitioner states the following:

**I. Adam Gray's Petition For Writ of Habeas Corpus Is Exempt From The Statute of Limitations Because He Has Presented Compelling Evidence That He Is Innocent.**

1. The Supreme Court held in *McQuiggin v. Perkins* that a compelling showing of actual innocence – where "new evidence shows it is more likely than not that no reasonable juror would have convicted the petitioner" – exempts a habeas petitioner from the statute of limitations created by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). 133 S.Ct. at 1933.

2. Petitioner Adam Gray was wrongfully convicted of starting a fire that killed two people when he was fourteen years old. He was given a mandatory sentence of life without parole and has been incarcerated for over twenty years.

1

3. Since that time, it has become well-established that for decades many fire investigators erroneously determined that fires were caused by arson when they were actually accidentally caused. As one federal judge has observed: "By 2006… a number of articles in legal journals and cases cast a critical eye on the scientific reliability of arson evidence, methodologies, and techniques… men and women ha[ve] been convicted, sentenced, perhaps even executed, on the basis of flawed arson evidence." *United States v. Hebshie*, 754 F. Supp. 2d 89, 92 (D. Mass. 2010); *see also Richey v. Bradshaw*, 498 F.3d 344, 363 (6th Cir. 2006); *Dugas v. Coplan*, 428 F.3d 317, 344 (1st Cir. 2005).

4. Leading arson experts have reviewed the evidence in Adam's case and concluded that there is no physical evidence that supports the conclusion that the fire he was convicted of setting was arson. (Dkt. 39, Exs. 1, 2 and 18, Affidavits of John Lentini, Gerald Hurst, and Dennis Smith.)

5. Because there is no reason to believe that the fire in this case was arson, the State cannot meet its burden of showing that a crime was committed at all.

6. The Cook County State's Attorney has agreed that the new evidence Adam has pled in his state post-conviction petition sets forth a claim of actual innocence under the Illinois Constitution. (Exhibit 1, People's Answer To The Innocence Claim.) A claim of actual innocence under the Illinois Constitution requires the same showing as an innocence gateway claim under *McQuiggin*. *See People v. Edwards*, 2012 IL 111711, ¶ 31 (a petitioner's actual innocence claim must "raise the probability that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence").

7. Adam is thus one of the extraordinary petitioners able to meet the high threshold of proving actual innocence, and his habeas claims are exempt from the statute of limitations.

## II. *McQuiggin*'s Holding That Actual Innocence Can Overcome Even Statutory Procedural Barriers Should Be Extended to Exempt Petitioners Who Can Establish Innocence from the Statute Requiring Exhaustion of State Remedies.

8. The Court in *McQuiggin* stated that its holding that actual innocence overcomes AEDPA's statute of limitations was an application of the "fundamental miscarriage of justice exception," a rule it has developed based on the "equitable discretion of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons." *Id.* at 1936, *quoting Herrera v. Collins*, 506 U.S. 390, 404 (1993).

9. The Court stated that its rulings bear out that "the miscarriage of justice exception [] survived AEDPA's passage." *Id.* at 1932. The Court explained that it has consistently applied the exception to overcome various procedural obstacles, including failing to raise claims in state court, *House v. Bell*, 547 U.S. 518, 537-39 (2006), failing to develop the factual basis for claims in state court, *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 11-12 (1992), and raising previously-rejected or defaulted claims in a second federal habeas petition, *Kuhlmann v. Wilson*, 477 U.S. 436, 454 (1986) (plurality opinion); *McCleskey v. Zant*, 499 U.S. 467, 494-95 (1991), among others. *McQuiggin*, 133 S. Ct. at 1931-32.

10. Prior to AEDPA's passage, the Seventh Circuit stated that a persuasive showing of actual innocence could exempt a petitioner from the requirement to exhaust state remedies before seeking habeas relief. *Milone v. Camp*, 22 F.3d 693, 701 (7th Cir. 1994) (assuming without deciding that a petitioner "made a sufficient showing of actual innocence to warrant habeas review of all of his constitutional claims, unexhausted as well as exhausted"). Other courts have suggested the same rule. *Coningford v. Rhode Island*, 640 F.3d 478, 482 n.2 (1st Cir. 2011) (Selya, J.) ("There may be an exception to the exhaustion bar for cases involving colorable claims of actual innocence"); *Sanders v. Ryder*, 342 F.3d 991, 1001 (9th Cir. 2003)

3

(reserving the question of whether a claim of actual innocence would excuse a failure to exhaust where the Court held that the petitioner had sufficiently exhausted his ineffective assistance claim). The existence of an exception to the exhaustion requirement is consistent with the Supreme Court's holding in *House v. Bell* – a decision applying AEDPA – that innocence can overcome even the *default* of claims under state procedural rules. 547 U.S. at 537-39; *see also In re Davis*, 130 S. Ct. 1 (2009) (ordering the district court to hold an evidentiary hearing on an innocence claim where "no court, state or federal, has ever conducted a hearing to assess the reliability of the score of postconviction affidavits that, if reliable, would satisfy the threshold showing for a truly persuasive demonstration of actual innocence") (Stevens, J., concurring) (internal punctuation and citation omitted).

11. Petitioner commenced post-conviction proceedings in the Circuit Court of Cook County based on the same evidence presented in this habeas petition on March 9, 2012. (Ex. 2, Motion for Leave To File a Successive Post-Conviction Petition.) The State filed a motion to dismiss all claims except the actual innocence and Eighth Amendment claims. (Ex. 3, State's Motion to Dismiss the Non-Innocence Claims). That motion remains pending.

12. Depriving an innocent person of liberty for over twenty years – in fact, a fourteen-year-old child who had no prior convictions and was an exceptional student with a bright future – is an abhorrent injustice that requires immediate correction.

13. The Supreme Court has stated that "in appropriate cases, the principles of comity and finality [that underlie deference to state courts] must yield to the imperative of correcting a fundamentally unjust incarceration." *House*, 547 U.S. at 536, *quoting Murray v. Carrier*, 477 U.S. 478, 495 (1986). This is such a case, and Petitioner respectfully requests that this Court

4

hold that he is exempt from the requirement to exhaust his state remedies and order an expedited hearing on his constitutional claims.

Dated: July 22, 2013                                    Respectfully submitted,

                                               By:  */s/ R. Douglas Rees*
                                                    One of Petitioner's attorneys

Tara Thompson                                    R. Douglas Rees
THE EXONERATION PROJECT                          Brij B. Patnaik
The University of Chicago Law School             JENNER & BLOCK LLP
1111 E. 60th Street                              353 N. Clark Street
Chicago, IL 60637                                Chicago, IL 60654-3456
Phone: (773) 702-9611                            Phone: (312) 840-8662
Email: tthompson@law.uchicago.edu                Fax: (312) 840-8762
                                                 Email: bpatnaik@jenner.com

Julia Kasper
KATTEN MUCHIN ROSENMAN, LLP
525 W. Monroe Street
Chicago, IL 60661-3693
Phone: (312) 902-5280
Email: julia.kasper@kattenlaw.com

## CERTIFICATE OF SERVICE

I, Brij B. Patnaik, hereby certify that a copy of the foregoing **Motion to Lift Stay and Hold an Evidentiary Hearing** was served upon the following on July 22,2013 by the Court's CM/ECF system, in accordance with the Administrative Procedures for the Case Management/Electronic Case Filing System for the Northern District of Illinois.

        Leah M. Bendik
        Assistant Attorney General
        Criminal Appeals Division
        100 W. Randolph, 12th Floor
        (312) 814-5029
        LBendik@atg.state.il.us

Dated: July 22, 2013

        By: */s/ Brij B. Patnaik*
            One of Petitioner's attorneys

| | |
|---|---|
| Tara Thompson | R. Douglas Rees |
| THE EXONERATION PROJECT | Brij B. Patnaik |
| The University of Chicago Law School | JENNER & BLOCK LLP |
| 1111 E. 60th Street | 353 N. Clark Street |
| Chicago, IL 60637 | Chicago, IL 60654-3456 |
| Phone: (773) 702-9611 | Phone: (312) 840-8662 |
| Email: tthompson@law.uchicago.edu | Fax: (312) 840-8762 |
| | Email: bpatnaik@jenner.com |

Julia Kasper
KATTEN MUCHIN ROSENMAN, LLP
525 W. Monroe Street
Chicago, IL 60661-3693
Phone: (312) 902-5280
Email: julia.kasper@kattenlaw.com