IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America ex rel. ADAM GRAY, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | No. 12 C 1743 |
| KEVWE AKPORE, Warden, Hill Correctional Center, | ) ) ) ) | The Honorable Milton I. Shadur, |
| Respondent. | ) | Judge Presiding. |

### RESPONSE TO PETITIONER'S
### MOTION TO LIFT STAY AND HOLD AN EVIDENTIARY HEARING

On March 9, 2012, petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, Doc. 1, and a motion to stay to allow exhaustion of certain claims via a motion for leave to file a successive postconviction petition filed that same day in state court, Doc. 4. On November 15, 2012, this Court granted the stay. Docs. 32-33. And on July 22, 2013, petitioner filed a motion to lift the stay and to hold an evidentiary hearing, although the state court proceedings on the successive postconviction petition remain pending. Doc. 40. Respondent now responds to petitioner's request to lift the stay and states as follows.[1]

---

[1] Respondent takes no position on petitioner's motion for leave to file an amended petition for writ of habeas corpus, also filed on July 22nd. Doc. 39. On August 1, 2013, Judge Shadur exercised his right to withdraw from the case, Doc. 42, and the case was reassigned to Judge St. Eve, Doc. 43. This response is filed to aid the Court in addressing, without delay, this pending motion to lift the stay.

### I. Petitioner Has Not Yet Proven That He Is Entitled To Pass Through *Perkins*'s Actual-Innocence Gateway To Avoid Time Bar.

Respondent agrees that *McQuiggin v. Perkins* held that a showing of actual innocence — when "new evidence shows it is more likely than not that no reasonable juror would have convicted [the petitioner]" — permits a merits-based review of a federal habeas petition that is filed late under AEDPA's one-year limitations period. 133 S.Ct. 1924, 1933 (2013) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)) (internal quotation marks omitted).

But petitioner has not yet *established* his actual innocence such that he may avoid time bar. *See Perkins*, 133 S.Ct. at 1928 ("We hold that actual innocence, *if proved*, serves as a gateway through which a petitioner may pass, whether the impediment is a procedural bar . . . or, as in this case, expiration of the statute of limitations.") (Emphasis added.). At this point, only two relevant events have occurred: (1) in state court, the prosecutor has agreed to an evidentiary hearing on petitioner's postconviction claim of actual innocence; and (2) in federal court, petitioner has submitted his habeas petition, proposed to file an amended habeas petition, and attached several documents purportedly related to his claim of actual innocence.

With regard to the state court proceedings, this Court should reject any presumption that the state prosecutor's concession to hold an evidentiary hearing on actual innocence in a separate, state court proceeding would automatically bind this Court and respondent's counsel in the present federal court proceeding to do the same, or to agree that innocence has been proved. And as explained below, the

state court concession does not satisfy the *Schlup* actual-innocence-gateway standard applicable in this federal proceeding.

Petitioner attached the state prosecutor's response regarding the postconviction actual-innocence claim as an exhibit to his motion to lift the stay. Doc. 40, Exh. 1. This document reflects that although the prosecutor agreed that petitioner's actual-innocence claim should advance to a third-stage evidentiary hearing, she emphasized that she intended to raise factual and credibility challenges at the hearing. *Id.*

In Illinois, postconviction proceedings involve three stages. *People v. Edwards*, 757 N.E.2d 442, 445 (Ill. 2001). At the first stage, the circuit court has ninety days to independently review the petition and determine whether it is frivolous or patently without merit. *Id.* If the petition, taken as true and liberally construed, contains the gist of a constitutional claim, it advances to the second stage, at which time counsel may be appointed, and the State can file responsive pleadings. *Id.* at 446. At the second stage, the petition is dismissed unless it and any accompanying documentation make a substantial showing of a constitutional violation. *Id.* During this stage, all well-pled facts not rebutted by the trial record are accepted as true. *People v. Pendleton*, 861 N.E.2d 999, 1008 (Ill. 2006). Upon such a showing, the petition advances to the third stage, where an evidentiary hearing is held to determine whether relief should be provided for the claim. *Edwards*, 757 N.E.2d at 446.

A free-standing actual-innocence claim advances to the third stage if the petitioner makes a substantial showing that the evidence underlying the claim was newly discovered, material and not merely cumulative, and likely to change the result on retrial. *See People v. Lofton*, 2011 IL App (1st) 100118, ¶ 37. A "substantial showing" falls somewhere between mere denials on one hand, and proof by a preponderance of the evidence on the other. *People v. Pearson*, 648 N.E.2d 1024, 1027 (Ill. App. 1995) (citing *People v. Lucente*, 506 N.E.2d 1269, 1277 (Ill. 1987)). Moreover, a "substantial showing" that the result would "likely" — rather than definitely — change the result on retrial reduces the burden further. In other words, by agreeing that petitioner had satisfied this second-stage "substantial showing" standard, the state prosecutor conceded only that petitioner had satisfied a standard that clearly was lower than the preponderance of the evidence standard applicable in this federal collateral proceeding, for *Schlup* inquires whether "new evidence shows it is more likely than not that no reasonable juror would have convicted [the petitioner]," *Perkins*, 133 S.Ct. at 1933 (citing *Schlup*, 513 U.S. at 327) (internal quotation marks omitted), rendering it a preponderance standard, *see, e.g., Doe v. Menefee*, 391 F.3d 147, 173 (2d Cir. 2004). For that reason alone, it is more stringent than the Illinois second-stage "substantial showing" standard. To make matters even more difficult for petitioners, *Schlup* requires the petitioner to demonstrate by a preponderance of the evidence that *no* juror would vote to convict. *Id.* Indeed, *Perkins* emphasized that the *Schlup* standard is "'demanding'" and is "seldom" met. 133 S.Ct. at 1928 (quoting *House v. Bell*, 547 U.S. 518, 538 (2006)).

Additionally, when making the *Schlup* evaluation, the timing of the petition bears on the credibility of the evidence allegedly showing the petitioner's actual innocence. *Perkins*, 133 S.Ct. at 1928 (citing *Schlup*, 513 U.S. at 332).

Thus, it is clear that the state prosecutor's agreement to advance petitioner's postconviction actual-innocence claim to a third-stage evidentiary hearing — non-binding for our purposes here — conceded only that petitioner satisfied a lower, state-law standard justifying further proceedings. This fact does not warrant a hearing here, much less suggest that petitioner may now pass through the actual-innocence gateway to avoid § 2244(d)(1) time-bar.

Petitioner claims that the prosecutor's concession effectively agreed that his actual-innocence claim "raise[d] the probability that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence," meaning the claim was established. Doc. 40 at 2 (citing *People v. Edwards*, 2012 IL 111711, ¶ 31). Petitioner is doubly incorrect: the prosecutor's concession neither admitted that petitioner satisfied the *Edwards* standard, nor would satisfying the *Edwards* standard satisfy the *Schlup* actual-innocence-gateway standard.

*Edwards* specified the standard that a petitioner alleging actual innocence must meet to warrant leave to file a successive postconviction petition. *Edwards*, 2012 IL 111711, ¶ 20. That is not the procedural posture of petitioner's case here. Warranting leave to file a successive petition is not the same as warranting a third-stage Illinois postconviction evidentiary hearing.

And by equating *Edwards* with *Schlup*, petitioner overlooks that *Edwards* prefaced its quotation of the *Schlup* standard with the phrase "raises the probability." *Id.* at ¶ 24 (citing *Schlup*, 513 U.S. at 327). In other words, a state postconviction petitioner seeking leave of court to file a successive petition containing an actual-innocence claim must make a preliminary showing that he can satisfy *Schlup*; once given leave to file, he must satisfy *Schlup* to garner relief on his actual-innocence claim. The preliminary showing to authorize leave to file is clearly a lower standard than the *Schlup* standard itself. While this preliminary standard is greater than the first-stage gist standard that applies to first postconviction petitions, given that successive petitions are disfavored, *Edwards*, 2012 IL 111711, ¶¶ 25-29, it is lower than the second-stage substantial showing standard, *see People v. Wrice*, 2012 IL 111860, ¶ 87 (modifying appellate court judgment that reversed denial of leave to file successive petition and remanded for third-stage hearing by remanding for second-stage proceedings in an effort not to "short circuit" postconviction process).

Thus, even if relevant, the state prosecutor conceded here only that petitioner's actual-innocence claim had satisfied a standard lower than a preponderance of the evidence; that concession does not demonstrate that petitioner has satisfied *Schlup*. Petitioner's assertion that he satisfies the *Edwards* standard is neither pertinent nor sufficient.

And with regard to the present federal proceedings, petitioner has yet to prove anything, including his actual innocence. He has only submitted documents;

-6-

neither respondent nor this Court has yet responded to, commented on, or ruled on the whether petitioner's allegations are meritorious.

In other words, petitioner is flatly wrong when he asserts that he "is thus one of the extraordinary petitioners able to meet the high threshold of proving actual innocence" so that he is exempt from the federal habeas statute of limitations. Doc. 40 at 2. Until petitioner actually proves his innocence under the *Schlup* standard, he is not entitled to excuse his time bar.

**II.    *Perkins*'s Holding — That Actual Innocence Can Overcome Time Bar — Should Not Be Extended To Excuse The Failure To Exhaust State Remedies.**

Petitioner asserts that *Perkins*'s recognition of an actual-innocence gateway to excuse time-bar should be extended to excuse his failure to exhaust state court remedies. Petitioner's unsupported assertion should be rejected.

It is true that the fundamental miscarriage of justice exception, premised on a showing of actual innocence, has been applied to excuse several types of deficiencies in habeas cases, including the failure to develop the factual basis for claims in state court, *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 11-12 (1992); procedural default of claims in state court, *House*, 547 U.S. at 536; successive habeas petitions asserting previously rejected claims, *Kuhlmann v. Wilson*, 477 U.S. 436, 454 (1986) (plurality opinion); and "abusive" petitions asserting in a second habeas petition claims that could have been raised in a first petition, *McCleskey v. Zant*, 499 U.S. 467, 494-95 (1991).

These examples all have something in common: the habeas petitioner failed to follow a procedural rule in state or federal court, and the habeas court had to decide whether a colorable claim of actual innocence entitled the petitioner to merits-based review despite the procedural misstep.  In contrast, by asking this Court to recognize an actual-innocence gateway to excuse failure to exhaust, petitioner makes a very different request.  Petitioner asks this Court to resolve federal habeas claims when state court review of the same claims is currently pending.  In other words, the established exceptions permit merits-based review where the petitioner erred in a way that frustrated the ability of state or federal court to conduct such review; petitioner's requested exception asks this Court to ignore the ongoing merits-based state court litigation that will address virtually the same questions that petitioner presents here.  Thus, the other exceptions are distinguishable.

Such a rushed approach has consequences.  The pending postconviction petition presents claims one through eight from petitioner's habeas petition. *Compare* Doc. 30, Exh. 5 (state postconviction petition) *with* Doc. 1 (original federal habeas petition) *and* Doc. 39, Att. 1 (proposed amended habeas petition); *see also* Doc. 39 (motion for leave to file amended petition asserts that amended petition presents same nine claims as original habeas petition).  If this Court evaluates claims one through eight before the state court finishes its analysis, section 2254(d) deference cannot be applied to the imminent state court decision because there will not yet be a state court decision to evaluate.  And the state court proceeding is

advancing.² The fact that the prosecutor agreed to an evidentiary hearing on the actual-innocence claim demonstrates forthrightness rather than obstruction or delay. Thus, there is no equitable reason to extend the miscarriage of justice exception in the manner petitioner seeks.³ *Woodford v. Ngo*, 548 U.S. 81, 92 (2006) (justifying exhaustion requirement because it would be unseemly for federal district court to overturn state court conviction before state court has first opportunity to correct federal constitutional violations) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).

Finally, petitioner provides no credible authority supporting the theory that actual innocence may excuse exhaustion. Petitioner cites just three cases. Doc. 40 at 3-4. The first, *Milone v. Camp*, 22 F.3d 693, 701 (7th Cir. 1994), has never been cited as authority to excuse exhaustion due to a colorable claim of actual innocence, and appears mistaken. *Milone* relied on a handful of cases, 22 F.3d at 699, none of which address the principle. *Granberry v. Greer* did note that the exhaustion requirement can occasionally be relaxed, 22 F.3d at 699, as when the available state court remedy is a "'procedural morass'" with no substantial hope of providing

---

² The prosecutor informed respondent's counsel that the state court is scheduled to rule on the pending motion to dismiss several non-actual-innocence claims on September 5, 2013. Thereafter, the evidentiary hearing will be held on the actual-innocence claim and any remaining claims.

³ Petitioner attempts to justify his argument by asserting that imprisoning an innocent person for over twenty years is "an abhorrent injustice that requires immediate correction." Doc. 40 at 4. But petitioner has yet to prove his innocence. Moreover, petitioner has not adequately explained why he waited until 2010 to seek the FOIA request that uncovered the data underlying his actual-innocence claim. Doc. 18 at 5-6. Nor does petitioner allege any undue delay in the progress of his state postconviction proceeding, pending only since March 2012.

relief. *Granberry v. Greer*, 481 U.S. 129, 131, 136 n.8 (1987) (quoting *Marino v. Ragen*, 332 U.S. 561, 564 (1947) (Rutledge, J., concurring)). *Kuhlmann* held that actual innocence can excuse the bar to merits-based review that would otherwise result from a successive habeas petition asserting previously-rejected claims. 477 U.S. at 454. *Murray v. Carrier* recognized an actual-innocence gateway to merits-based review of a claim procedurally defaulted in state court. 477 U.S. 478, 496 (1986). And *Herrera v. Collins* noted the actual-innocence gateway exception in situations not including failure to exhaust. 506 U.S. 390, 404 (1993).

The Seventh Circuit erroneously cited these cases for the questionable assertion that "[o]ne of the circumstances upon which the total exhaustion requirement may be relaxed *appears to be* a 'colorable claim' by the petitioner that he is actually innocent of the crime for which he was convicted." *Milone*, 22 F.3d at 699 (emphasis added and citation omitted). And petitioner himself acknowledges that *Milone* merely assumed without deciding that a petitioner who makes a sufficient showing of actual innocence could warrant habeas review of unexhausted claims. Doc. 40 at 3. Thus *Milone* makes no holding on point, and its dicta is simply mistaken.

The other two citations are also unhelpful. Again, petitioner rightly admits that *Coningford v. Rhode Island*, 640 F.3d 478, 482 n.2 (1st Cir. 2011), at best contains dicta supporting his request, rather than a holding, Doc. 40 at 3. And on closer examination, it is clear that *Coningford* was using the term "exhaustion" to refer to procedural default. After all, in support of its dicta that there may be an

actual-innocence exception to the exhaustion bar, *Coningford* cited *House*, a case reaffirming the actual-innocence exception to procedural default. *Coningford*, 640 F.3d at 482 n.2 (citing *House*, 547 U.S. at 522). And *Coningford* later concluded that a claim in question was not "exhausted" because the federal constitutional nature of the claim was not fairly presented, and thus not *properly* exhausted, in state court, 640 F.3d at 483, a type of procedural default, *see Woodford v. Ngo*, 548 U.S. 81, 92-93 (2006) (claims are "exhausted" when state court remedies are no longer available; claims are "procedurally defaulted" when claims were not exhausted *properly* in state court).

And petitioner correctly notes that *Sanders v. Ryder*, 342 F.3d 991, 1001 (9th Cir. 2003), merely reserved — rather than addressed — the question of whether actual innocence could excuse failure to exhaust, Doc. 40 at 3-4. *Sanders*, like *Coningford*, uses the term exhaustion to refer to what is, strictly speaking, procedural default. *Sanders* concluded that the federal nature of the claim was adequately presented in the state supreme court so that it was "exhausted," 342 F.3d at 1001, when it would be more technically correct to say that the court held that the claim was *properly* exhausted, and thus not procedurally defaulted.

Thus, neither policy nor case law supports petitioner's attempt to extend *Schlup*'s actual-innocence gateway exception to excuse the failure to exhaust available state court remedies.

### III. Petitioner's Request For An Expedited Federal Evidentiary Hearing Is Premature And Unsupported.

After briefly relying on *Perkins* to excuse his time bar or his admitted failure to exhaust state court remedies, petitioner concludes that, as a result, he is entitled to an expedited hearing on his constitutional claims. Doc. 40 at 5. Petitioner cites no authority for an "expedited" hearing. This Court has not yet ruled on petitioner's request to amend his habeas petition. As a result, respondent has neither answered nor otherwise responded to petitioner's habeas petition, much less been ordered to do so. And this Court has not yet ruled that petitioner is entitled to an evidentiary hearing, much less an expedited one. To hold an evidentiary hearing now, whether expedited or not, would be grossly premature.

As explained above, petitioner has not alleged undue delay in the progress of his pending state postconviction petition. The state court is expected to rule on the prosecution's motion to dismiss petitioner's several non-actual-innocence claims in approximately one month, after which the state postconviction evidentiary hearing can be scheduled. Petitioner provides no support for an expedited federal habeas proceedings. But even if there were, any expedited schedule would require respondent to answer the amended habeas petition, (assuming the Court allows petitioner leave to file the amended petition) and petitioner to reply, which would take longer than the expected state court schedule. This is particularly true because, after briefing, there would likely need to be investigation, potential involvement of experts for respondent, and possible depositions, before any federal evidentiary hearing could begin. In short, as a practical matter, even with the most

diligent efforts, this Court could not be expected to hold a federal evidentiary hearing before any state evidentiary hearing would begin, given the procedural posture of the two cases.

And even more fundamentally, petitioner has not demonstrated that he is entitled to an evidentiary hearing in his habeas case. Under 28 U.S.C. § 2254(e)(2), a federal habeas evidentiary hearing may not be held if the applicant failed to develop the factual basis of the claims in state court. At this point, because the state court has not yet held its postconviction evidentiary hearing, petitioner has not yet developed the factual basis of the claims in state court. And, oddly, it is only petitioner's request to lift the stay and hold the evidentiary hearing now that is causing this failure to develop the factual basis of the claims in state court. Petitioner does not acknowledge — much less attempt to satisfy — the two narrow exceptions provided in subsection (e)(2). And petitioner has not explained why — after he himself sought to stay this case — he is seeking to lift the stay and hold a federal evidentiary hearing now despite the fact that an evidentiary hearing is expected to begin, imminently, in state court.

## CONCLUSION

Respondent respectfully requests that this Court deny petitioner's motion to lift stay and hold an expedited evidentiary hearing. Instead, the stay should be maintained until the completion of proceedings on petitioner's successive state court postconviction petition, both before the state trial court and during any subsequent state appeal. This Court should neither consider nor grant an evidentiary hearing in this Court until after respondent has answered or responded to the habeas petition and petitioner has filed any response, a process that should not begin until after state postconviction proceedings have concluded.

August 6, 2013

Respectfully submitted,

LISA MADIGAN
Attorney General of Illinois

By: /s/ Leah M. Bendik
LEAH M. BENDIK, Bar #6278107
Assistant Attorney General
100 West Randolph Street, 12th Floor
Chicago, Illinois 60601-3218
TELEPHONE: (312) 814-5029
FAX: (312) 814-2253
EMAIL: lbendik@atg.state.il.us

# CERTIFICATE OF SERVICE

       I certify that on August 6, 2013, I electronically filed respondent's **Response to Petitioner's Motion to Lift Stay And Hold An Evidentiary Hearing** with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, using the CM/ECF system, which will send notice to the following CM/ECF users:

| | |
|---|---|
| Tara Thompson | R. Douglas Rees |
| The Exoneration Project | Brij B. Patnaik |
| University of Chicago Law School | Jenner & Block LLP |
| 1111 East 60th Street | 353 North Clark Street |
| Chicago, Illinois 60637 | Chicago, Illinois 60654-3456 |

Julia Kasper
Katten Muchin Rosenman, LLP
525 West Monroe Street
Chicago, Illinois 60661-3693

                                                  /s/ Leah M. Bendik
                                                  LEAH M. BENDIK, Bar #6278107
                                                  Assistant Attorney General
                                                  100 West Randolph Street, 12th Floor
                                                  Chicago, Illinois 60601-3218
                                                  PHONE: (312) 814-5029
                                                  FAX: (312) 814-2253
                                                  EMAIL: lbendik@atg.state.il.us