**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

United States of America, ex rel.,   )
ADAM GRAY (#B77079),   )
  )
            Petitioner,   )
  )    Case No.  12 C 1743
      v.   )
  )    Judge Amy J. St. Eve
KEVWE AKPORE, Warden, Hill   )
Correctional Center,   )
  )
           Respondent.   )

## ORDER

The Court denies Petitioner's motion to lift the stay in this habeas case and for an evidentiary hearing [40].  Status hearing set for 10/26/13 is stricken and reset to 10/30/13 at 8:30 a.m.

## STATEMENT

On March 9, 2012, Petitioner Adam Gray, through counsel, filed a petition for a writ of habeas corpus in federal court and on August 15, 2013, Petitioner filed an amended habeas petition.  *See* 28 U.S.C. § 2254(d)(1).  On November 15, 2012, the Court granted Petitioner's motion to stay his original habeas petition due to certain unexhausted constitutional claims.  *See* 28 U.S.C. § 2254(b)(1).  Petitioner filed the present motion to lift the stay on July 22, 2013, on the grounds that he is actually innocent, and thus is entitled to seek immediate relief on his exhausted and unexhausted constitutional claims based on the Supreme Court's decision in *McQuiggin v. Perkins*, ___ U.S. ___, 133 S.Ct. 1924, 1935, 185 L.Ed.2d 1019 (2013).  Some of Petitioner's unexhausted claims are the subject of his successive post-conviction petition that is now pending in state court.  *See* 725 ILCS 5/122-1, *et seq.*  Before the Court is Petitioner's motion to lift the stay and for an evidentiary hearing.  For the following reasons, the Court denies Petitioner's motion to lift the stay.  Also, the Court denies Petitioner's motion for an evidentiary hearing as premature.[1]

## BACKGROUND

In the early morning hours of March 25, 1993, a fire broke out in an enclosed wooden staircase at the rear of a two-flat on South Albany Avenue in Chicago, Illinois killing two

---

[1]  On August 2, 2013, the Executive Committee for the Northern District of Illinois reassigned this case to the Court.

people. After being transferred to adult court, a jury convicted Petitioner of two homicides and one count of aggravated arson based on the March 25, 1993, fire. The Cook County Circuit Court judge then sentenced Petitioner to a mandatory sentence of life without the possibility of parole.

In the present motion, Petitioner maintains that leading arson experts have reviewed his case file and concluded that there is no physical evidence supporting the fact that the 1993 fire was arson. Pending in state court is Petitioner's successive post-conviction petition pursuant to the Illinois Post–Conviction Hearing Act, 725 ILCS 5/122–1, *et seq.,* in which he brings an actual innocence claim based on this new evidence, as well as other factors such as recanted trial testimony. In the state court proceedings, Cook County State's Attorney has agreed that an evidentiary hearing on Petitioner's post-conviction claim of actual innocence is warranted.[2]

## LEGAL STANDARD

In the context of federal habeas cases, "'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Herrera v. Collins,* 506 U.S. 390, 404, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993). More specifically, the "fundamental miscarriage of justice exception" concerns actual innocence and provides a gateway for courts to review the merits of a habeas petitioner's procedurally defaulted claims. *See id.; Coleman v. Hardy,* 628 F.3d 314, 318-19 (7th Cir. 2010). Earlier this year, the Supreme Court extended the miscarriage of justice exception to overcome the Antiterrorism and Effective Death Penalty Act's ("AEDPA") one-year limitations period. *See McQuiggin v. Perkins,* ___ U.S. ___, 133 S.Ct. 1924, 1935, 185 L.Ed.2d 1019 (2013).

Unlike federal habeas claims, Illinois courts recognize actual innocence claims as stand alone claims based on the Illinois Constitution. *See People v. Washington,* 171 Ill.2d 475, 489, 216 Ill.Dec. 773, 665 N.E.2d 1330 (Ill. 1996). Specifically, the "due process clause of the Illinois Constitution allows postconviction petitioners to make freestanding claims of actual innocence based on newly discovered evidence." *People v. Brown,* 988 N.E.2d 1063, 1074, 370 Ill.Dec. 707, 718 (1st Dist. 2013).

---

[2] The Court rejects Petitioner's suggestion that the State's Attorney's concession that an evidentiary hearing is warranted establishes his actual innocence. In particular, to qualify for an evidentiary hearing under the Illinois Post-Conviction Hearing Act, a petitioner need only show that his petition is legally sufficient, namely, that his well-pleaded allegations constitute a constitutional violation. *See People v. Domagala,* 987 N.E.2d 767, 775, 370 Ill.Dec. 1, 9 (Ill. 2013). In short, the evidentiary hearing provides the post-conviction petitioner with the opportunity to prove his actual innocence. *See id.* Petitioner's evidentiary hearing in his Illinois proceedings has yet to take place.

# ANALYSIS

In the present motion, Petitioner argues that the Court should extend the Supreme Court's decision in *McQuiggin* — which held that actual innocence can overcome AEDPA's statute of limitations — to exempt habeas petitioners from AEDPA's exhaustion requirement. In other words, Petitioner wants the Court to address his habeas claims before the state court decides the same or similar claims in his successive post-conviction petition that is pending in state court.

"Generally, a petitioner must raise a claim in state court before raising it on federal habeas review." *McNary v. Lemke,* 708 F.3d 905, 919 (7th Cir. 2013); *see also Bolton v. Akpore,* ___ F.3d ___, 2013 WL 4840483 (7th Cir. Sept. 12, 2013) ("Where state remedies remain available to a habeas petitioner who has not fairly presented his constitutional claim to the state courts, the exhaustion doctrine precludes a federal court from granting him relief on that claim."). AEDPA provides for two exceptions to exhaustion:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
>> (A) the applicant has exhausted the remedies available in the courts of the State; or
>>
>> (B)(i) there is an absence of available State corrective process; or
>>
>> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1)(B)(1). The Seventh Circuit has articulated another exception to exhaustion, namely, the "[i]nordinate, unjustifiable delay in a state-court collateral proceeding excuses the requirement of petitioners to exhaust their state-court remedies before seeking federal habeas corpus relief." *Jackson v. Duckworth*. 112 F.3d 878, 881 (7th Cir. 1997).

Here, Petitioner does not rely on the statute's exceptions to exhaustion nor does Petitioner develop his argument that the Court should extend the Supreme Court's decision in *McQuiggin*. In addition, Petitioner does not argue that there has been an inordinate or unjustified delay in his Illinois post-conviction proceedings that are presently ongoing.[3] Instead, Petitioner relies upon a pre-AEDPA case, *Milone v. Camp,* 22 F.3d 693, 699 (7th Cir. 1994), to support his argument that his actual innocence claim relieves him from exhausting his claims in his pending successive post-conviction petition. In *Milone*, the Seventh Circuit reasoned:

---

[3] The next status hearing in Petitioner's Illinois post-conviction proceeding is on October 16, 2013.

A claim of actual innocence is relevant to determining whether a habeas corpus petition may be brought before a federal tribunal at all; it is not ordinarily cognizable in determining whether the writ should issue. Generally, before a federal court will entertain a habeas petition, the petitioner must meet certain procedural requirements. Among these is the requirement that the petitioner has presented to the state courts all of the claims contained in his habeas petition. While "there is a strong presumption in favor of requiring the prisoner to pursue his available state remedies," under some circumstances federal courts may relax the total exhaustion requirement. One of the circumstances upon which the total exhaustion requirement may be relaxed appears to be a "colorable claim[]" by the petitioner that he is actually innocent of the crime for which he was convicted. In this manner a claim of actual innocence provides "a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits."

*Id.* (internal citations omitted). Besides *Milone*, Petitioner does not cite any other controlling legal authority excepting the exhaustion requirement based on a claim of actual innocence and the Court could find none.

After reviewing *Milone* and Petitioner's attendant arguments, there are certain distinguishing factors that merit discussion. First, in certain circumstances, federal appellate courts, unlike federal district courts, have the discretion to consider unexhausted habeas claims. *See Wood v. Milyard,* ___ U.S. ___, 132 S.Ct. 1826, 1833, 182 L.Ed.2d 733 (2012) (citing *Granberry v. Greer,* 481 U.S. 129, 107 S.Ct. 1671, 95 L.Ed.2d 119 (1987)); *see also Pierson v. O'Leary,* 959 F.2d 1385, 1392 (7th Cir. 1992) ("This court has the discretion to consider whether 'the administration of justice would be better served by insisting on exhaustion or by reaching the merits of the petition forthwith.") (citation omitted). Therefore, *Milone* does not necessarily lend guidance to the Court's analysis of the present actual innocence argument.

Moreover, the statement in *Milone* that actual innocence is an exception to the exhaustion requirement is dicta because the *Milone* panel did not analyze whether petitioner's claim of actual innocence excepted his unexhausted claims — instead, the appellate court concluded that it was more efficient to skip to the merits of petitioner's habeas claims. *See Tate v. Showboat Marina Casino P'ship,* 431 F.3d 580, 582 (7th Cir. 2005) (dicta is what a court "says" not what it "holds"); *see also United States v. Elliott,* 467 F.3d 688, 690 (7th Cir. 2006) (language that does not play any role in the court's disposition is dictum).

Even if the *Milone* analysis is not dicta, there is an important factual distinction in the present case, namely, the *Milone* petitioner did not have a post-conviction petition pending in the state court at the time he filed his habeas petition in federal court. *See id.* at 700. Under the present circumstances in which there is a pending post-conviction petition, the interests of comity support the Court's decision to deny the present motion to lift the stay. As the Supreme Court teaches:

> State courts, like federal courts, are obliged to enforce federal law. Comity thus dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief. *Rose v. Lundy,* 455 U.S. 509, 515-516, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Darr v. Burford*, 339 U.S. 200, 204, 70 S.Ct. 587, 94 L.Ed. 761 (1950). This rule of comity reduces friction between the state and federal court systems by avoiding the "unseem[liness]" of a federal district court's overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance.

*O'Sullivan v. Boerckel,* 526 U.S. 838, 844-45, 119 S.Ct. 1728, 1732, 144 L.Ed.2d 1 (1999); *see also Lieberman v. Thomas,* 505 F.3d 665, 669 (7th Cir. 2007) ("exhaustion-of-state-remedies doctrine serves the interests of federal-state comity by giving states the first opportunity to address and correct alleged violations of a petitioner's federal rights").

## CONCLUSION

For these reasons, the Court denies Petitioner's motion to lift the stay of his federal habeas proceedings. The Court further denies Petitioner's motion for an evidentiary hearing as premature.


**Date:** October 1, 2013

**AMY J. ST. EVE**
**United States District Court Judge**

5