IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

|  |  |
|---|---|
| ADAM THOMAS GRAY, ) ) ) Petitioner, ) ) v. ) ) ) KEVWE AKPORE, Warden, ) ) Respondent ) | No. 12-C-1743 Honorable Amy J. St. Eve |

**MEMORANDUM IN SUPPORT OF MOTION
TO CERTIFY QUESTION FOR APPEAL UNDER 28 U.S.C. § 1292(b)**

PETITIONER ADAM THOMAS GRAY, by his counsel, submits this memorandum in support of his motion to certify for appeal the question whether a petitioner who presents compelling evidence of his actual innocence is exempt from the exhaustion requirement and entitled to seek immediate habeas relief. This question should be certified for an interlocutory appeal because it involves a controlling question of law as to which there is substantial ground for difference of opinion, and an immediate appeal may materially advance the ultimate termination of the litigation with a finding of Adam Gray's innocence.

**BACKGROUND**

Adam Gray was wrongfully convicted of starting a fire that killed two people when he was fourteen years old. He received a mandatory sentence of life without parole and has been incarcerated for over twenty years. His pending habeas petition identifies new scientific evidence establishing, among other things, that there is no reason to believe that the fire was caused by arson at all.

Mr. Gray filed his habeas petition presenting this evidence contemporaneously with a state post-conviction petition in the Circuit Court of Cook County in March 2012. All of his claims in state court remain pending.

On July 22, 2013, Mr. Gray filed a motion in this Court seeking an expedited evidentiary hearing on the claims raised in his habeas petition — both exhausted and unexhausted — on the ground that a showing of actual innocence can excuse the total exhaustion requirement imposed by *Rose v. Lundy*, 455 U.S. 509 (1982). (Dkt. 40.) The Court denied that motion on October 1, 2013. (Dkt. 51.) Mr. Gray now seeks the Court's permission to appeal that decision to the Court of Appeals for the Seventh Circuit.

## ARGUMENT

This case presents a legal question of vital importance to people who are imprisoned for crimes they did not commit: Can a prisoner who presents compelling evidence that he is actually innocent seek relief from constitutional violations in federal court without first exhausting all of his claims through state post-conviction procedures?

This Court should certify that question for appeal to the Seventh Circuit. A district court may certify an interlocutory order for appeal when the court is of the opinion "that such an order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *Ahrenholz v. Board of Trustees of University of Illinois*, 219 F.3d 674, 676 (7th Cir. 2000). Upon motion of a party, a district court may amend a prior order to grant permission to appeal under Section 1292(b). Fed. R. App. P. 5(a)(3). The Court's order meets each of that section's requirements for the following reasons.

### I. The Court's Order Addressed a Controlling Question Of Law.

The first requirement for certifying a question for appeal is that the question must involve a "controlling question of law." 28 U.S.C. § 1292(b). A question of law is controlling "if its resolution is quite likely to affect the further course of the litigation, even if not certain to do so." *Sokaogon Gaming Enter. Corp., v. Tushie–Montgomery Assocs., Inc.,* 86 F.3d 656, 659 (7th Cir. 1996). That requirement is plainly met. The Court's determination that Mr. Gray must exhaust his state remedies before being heard is controlling because it is the basis for its refusal to lift the stay and conduct further proceedings at this time.

### II. The Court's Order Addressed A Pure Question Of Law.

The second requirement for certifying a question for appeal is that the question must be a "pure" question of law. *Ahrenholz*, 219 F.3d at 677. That requirement also is met. Whether actual innocence excuses a petitioner from the exhaustion requirement is a pure question of law that the Court of Appeals could "decide quickly and cleanly without having to study the record."[1] *Id*.

### III. There Is A Substantial Basis For Difference Of Opinion About Whether Actual Innocence Excuses The Exhaustion Requirement.

The third requirement for certifying a question for appeal is that there must be a substantial basis for a difference of opinion on the question. 28 U.S.C. § 1292(b). There is a substantial basis for difference of opinion as to whether actual innocence excuses the exhaustion requirement.

---

[1] If the Court of Appeals holds that actual innocence does excuse the exhaustion requirement, it could then remand the case to this Court to hold an evidentiary hearing on whether Mr. Gray is actually innocent — *i.e.*, whether no reasonable juror would today convict him. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1933 (2013). That was the procedure followed in *Souliotes v. Hedgpeth*, a case similar to this one, where the court first held an evidentiary hearing to determine whether Mr. Souliotes was actually innocent, then addressed the merits of his constitutional claims. No. 06-cv-00667, 2013 WL 875952, at *11-12 (E.D. Cal. Mar. 7, 2013).

This Court acknowledged in its October 1 order that the Seventh Circuit has stated that "[o]ne of the circumstances upon which the total exhaustion requirement may be relaxed appears to be a 'colorable claim' by the petitioner that he is actually innocent of the crime for which he was convicted." (Dkt. 51 at 4, *quoting Milone v. Camp*, 22 F.3d 693, 699 (7th Cir. 1994).) The Court concluded that *Milone* is not controlling, however, for three reasons: (1) the Court recognized that in certain circumstances, federal appellate courts, unlike federal district courts, have the discretion to consider unexhausted claims; (2) the Court concluded that the statement in *Milone* that actual innocence is an exception to the exhaustion requirement is dicta; and (3) the Court ruled that even if the quoted language is not dicta, *Milone* is distinguishable from Mr. Gray's case because comity weighs more strongly in favor of exhaustion where a post-conviction petition is pending in state court, as here. (Dkt. 51 at 4-5.)

Mr. Gray respectfully submits that in light of *Milone* and other cases, there is a substantial difference of opinion that justifies submitting this question to the Court of Appeals.

First, this Court itself observed that federal appellate courts have discretion to consider unexhausted claims in certain circumstances while federal district courts do not. (Dkt. 51 at 4.) That factor weighs in favor of permitting the Court of Appeals to decide whether it should exercise that discretion in Mr. Gray's case.

Second, for the reasons stated in Mr. Gray's reply brief, (Dkt. 48 at 9-11), Mr. Gray respectfully disagrees with this Court's conclusion that the statement in *Milone* that actual innocence is an exception to the exhaustion requirement was non-controlling dicta. (Dkt. 51 at 4.) But even if the analysis in *Milone* was dicta, it was deliberate and reasoned dicta that demonstrates there is a substantial basis for differing opinions on this issue. *Milone*, 22 F.3d at 699-701. The Seventh Circuit has instructed that considered dicta from an appellate court is

4

entitled to deference. *United States v. Bloom*, 149 F.3d 649, 653 (7th Cir. 1998). Notably, this Court did not find fault with the reasoning in *Milone*.

Third, this Court noted that there was no other controlling authority addressing whether actual innocence excuses the exhaustion requirement. (Dkt. 51 at 4.) The First Circuit, however, has stated that "[t]here may be an exception to the exhaustion bar for cases involving colorable claims of actual innocence." *Coningford v. Rhode Island*, 640 F.3d 478, 482 n.2 (1st Cir. 2011). The Ninth Circuit also has recognized that the issue is a live one. *Sanders v. Ryder*, 342 F.3d 991, 1001 (9th Cir. 2003) (reserving the question whether a claim of actual innocence excuses the exhaustion requirement). Respondent cited no cases holding or suggesting that the fundamental miscarriage of justice exception does not apply to the exhaustion requirement. (Dkt. 45 at 7-13.)

Fourth, although this Court concluded that comity weighs more strongly in favor of requiring exhaustion in this case because Mr. Gray has a pending post-conviction petition, while petitioner Milone did not, reasonable minds could differ on that point. The Supreme Court has consistently and repeatedly held that a showing of actual innocence overcomes procedural hurdles to habeas relief. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013).[2] In fact, in the course of holding that claims that were procedurally defaulted in state court may still be heard by habeas courts, the Supreme Court has expressly rejected the argument that comity outweighs the

---

[2] The Court in *McQuiggin* observed that the fundamental miscarriage of justice exception excuses a petitioner's failing to raise claims in state court, *House v. Bell*, 547 U.S. 518, 537-39 (2006), failing to develop the factual basis for claims in state court, *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 11-12 (1992), and raising previously rejected or defaulted claims in a second federal habeas petition, *Kuhlmann v. Wilson*, 477 U.S. 436, 454 (1986) (plurality opinion); *McCleskey v. Zant*, 499 U.S. 467, 494-95 (1991), among other things. *McQuiggin*, 133 S. Ct. at 1931-32. In short, "[t]he Court uniformly has been guided by the proposition that the writ should be available to afford relief to those persons whom society has grievously wronged." *Kuhlmann*, 477 U.S. at 447.

imperative of correcting a wrongful conviction. *Murray v. Carrier*, 477 U.S. 478, 495 (1986). The Court ruled in *Murray* that "in appropriate cases the principles of comity and finality… must yield to the imperative of correcting a fundamentally unjust incarceration." *Id.* It would be inconsistent and ironic for the federal courts to hear claims where a petitioner has bypassed the state court entirely, like the petitioner in *Milone* did, but not hear innocence claims by petitioners who diligently pursue relief, as Mr. Gray has done. Especially given that Mr. Gray has diligently complied with state court procedures but has faced a very long, continuing delay, his right to pursue habeas relief should not be delayed compared to petitioners who do not present or who default their claims in state court.

Fifth, the fact that Mr. Gray's petition has been pending for well over a year and a half in state court and has yet to receive a decision on the State's Attorney's motion to dismiss certain of his claims shows that the State of Illinois has had every opportunity comity could require to adjudicate this case. The Seventh Circuit has held that a seventeen-month delay in reaching a decision on a post-conviction petition is inordinate. *Lowe v. Duckworth*, 663 F.2d 42, 43 (7th Cir. 1981); *Dozie v. Cady*, 430 F.2d 637, 638 (7th Cir. 1970). Mr. Gray's post-conviction petition in state court already has been pending for more than nineteen months and there is no indication that the state court will be able to hear and decide his claims anytime soon. (Dkt. 50.) Given the strong evidence of Mr. Gray's innocence and the delay in state court, comity cannot outweigh the imperative for a court to give Mr. Gray a hearing.

For all of these reasons, there is a substantial basis for a difference of opinion as to whether the evidence of Mr. Gray's actual innocence excuses the exhaustion requirement, and there is substantial reason for the Court of Appeals to decide that issue promptly.

## IV. Appellate Resolution Of This Issue May Materially Advance This Litigation.

Finally, resolution of this question by the Court of Appeals may materially advance the ultimate termination of this litigation. 28 U.S.C. § 1292(b). The statute does not require certainty that an appeal will advance the ultimate termination of the litigation, but only that it *may*, depending on the appellate court's resolution of the question. *Sterk v. Redbox Automated Retail, LLC*, 672 F.3d 535, 536 (7th Cir. 2012). Here, the habeas litigation is currently stayed and not advancing. Commentators have noted that "Orders deferring the exercise of jurisdiction may . . . be suitable for appeal. Examples include stay orders entered on grounds of abstention, primary jurisdiction, or more general grounds." Wright & Miller, *Federal Practice & Procedure* § 3931. If the Court of Appeals decides that Mr. Gray can proceed on his claims, this litigation would advance and the time he remains wrongfully imprisoned could be significantly shortened.

## CONCLUSION

For these reasons, Mr. Gray respectfully asks this Court to amend its October 1 order to grant him permission under 28 U.S.C. § 1292(b) to appeal that order to the Court of Appeals for the Seventh Circuit.[3]

---

[3] Because this Court's order stayed the litigation pending exhaustion of state remedies, Mr. Gray also plans to appeal that order as of right under the "collateral order" doctrine. A collateral order is one that "conclusively determines a disputed question that is separate from the merits of the case and is effectively unreviewable on an appeal from the final judgment." *Jones v. Clark*, 630 F.3d 677, 679 (7th Cir. 2011), *citing Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978). Collateral orders may be appealed as of right, and are also suitable for permissive appeal under Section 1292(b). *Weir v. Propst*, 915 F.2d 283, 285 (7th Cir. 1990).

Dated: October 22, 2013                        Respectfully submitted,

                                                 By:  */s/ R. Douglas Rees*
                                                          One of Petitioner's attorneys

| | |
|---|---|
| Tara Thompson | R. Douglas Rees |
| THE EXONERATION PROJECT | Brij B. Patnaik |
|   at the University of Chicago Law School | JENNER & BLOCK LLP |
| 6020 S. University Avenue | 353 N. Clark Street |
| Chicago, IL 60637 | Chicago, IL 60654-3456 |
| Phone: (312) 243-5900 | Phone: (312) 840-8662 |
| Email: tthompson@law.uchicago.edu | Fax: (312) 840-8762 |
| | Email: bpatnaik@jenner.com |

Julia Kasper
KATTEN MUCHIN ROSENMAN, LLP
525 W. Monroe Street
Chicago, IL 60661-3693
Phone: (312) 902-5280
Email: julia.kasper@kattenlaw.com

## CERTIFICATE OF SERVICE

I, Brij B. Patnaik, hereby certify that a copy of the foregoing Memorandum In Support Of Motion To Certify Question For Appeal Under 28 U.S.C. § 1292(b) was served upon the following on October 22, 2013 by the Court's CM/ECF system, in accordance with the Administrative Procedures for the Case Management/Electronic Case Filing System for the Northern District of Illinois.

> Leah M. Bendik
> Assistant Attorney General
> Criminal Appeals Division
> 100 W. Randolph, 12th Floor
> (312) 814-5029
> LBendik@atg.state.il.us

Dated: October 22, 2013                                             Respectfully submitted,

                                                            By:  */s/ Brij B. Patnaik*
                                                                 One of Petitioner's attorneys

Tara Thompson
THE EXONERATION PROJECT
  at the University of Chicago Law School
6020 S. University Avenue
Chicago, IL 60637
Phone: (312) 243-5900
Email: tthompson@law.uchicago.edu

R. Douglas Rees
Brij B. Patnaik
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-3456
Phone: (312) 840-8662
Fax: (312) 840-8762
Email: bpatnaik@jenner.com

Julia Kasper
KATTEN MUCHIN ROSENMAN, LLP
525 W. Monroe Street
Chicago, IL 60661-3693
Phone: (312) 902-5280
Email: julia.kasper@kattenlaw.com